**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| CLAIRE SCULLY, ) | |
| ) | |
| Plaintiff, ) | Case: 1:23-cv-01611 |
| ) | |
| v. ) | |
| ) | |
| AON SERVICE CORPORATION AND ) | |
| CREATIVE CIRCLE, LLC, ) | |
| ) | **Jury Trial Demanded** |
| Defendants. ) | |

**COMPLAINT**

**NOW COMES** Plaintiff, Claire Scully ("Plaintiff"), by and through the undersigned counsel, hereby filing this Complaint against Aon Service Corporation ("Aon") and Creative Circle, LLC. ("CCL" and collectively "Defendants"), and in support states as follows:

**NATURE OF PLAINTIFF'S CLAIMS**

1. This lawsuit arises under the Americans with Disabilities Act of 1990, as amended, ("ADA") seeking redress for Defendant's hostile work environment under the ADA, and also terminating Plaintiff's employment on the basis of her disability.

**JURISDICTION AND VENUE**

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to 42 U.S.C. § 12101 et seq.

3. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 42 U.S.C. §2000e-5(f)(3) and 28 U.S.C. §1391(b) insofar as Defendants operate and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

**ADMINISTRATIVE PREREQUISITES**

4. All conditions precedent to jurisdiction under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.*, have occurred or been complied with.

5. A charge of employment discrimination on basis of disability and retaliatory discharge was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC") (Attached hereto as Exhibit "A" and "C").

6. At all relevant times, Defendants have continuously been under contract for services rendered in Illinois, and have continuously been a joint employer, under which both Defendants generally controlled the terms and conditions of the employment of Plaintiff.

7. Notification of the Right to Sue was received from EEOC (Attached hereto as Exhibit "B" and "D").

8. This Complaint has been filed within the 90 days of receipt of EEOC's Dismissal and Notice of the Right to Sue.

**PARTIES**

9. At all times material to the allegations of this Complaint, Plaintiff resided in Cook County in the State of Illinois.

10. At all times material to the allegations in this Complaint, Aon was a corporation doing business in and for Cook County, whose address is 200 E. Randolph Street, Chicago, Illinois 60601.

11. At all times material to the allegations in this Complaint, CCL was a corporation doing business in and for Cook County whose address is 300 S. Wacker Drive, Suite 2880, Chicago, Illinois 60606.

12. Plaintiff was employed by Defendants as an "employee" within the meaning of

ADA, 42 U.S.C. § 12111(4).

13. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by ADA, and has been engaged in an industry affecting commerce within the meaning of 42 U.S.C. § 12111(5)(A).

## BACKGROUND FACTS

14. On or around October 19, 2019, Plaintiff was hired by Aon, through CCL, as a marketing project manager. Plaintiff's employment was renewed every three months through March 2022.

15. Plaintiff is "qualified individual" as defined under the ADA.

16. From on or about October 1, 2020 to the end of Plaintiff's employment, Plaintiff was subjected to disparate treatment, discriminatory conduct, and retaliatory conduct based upon her disability.

17. Plaintiff suffers from interstitial cystitis, which is a physical impairment that substantially limits major life activities, causing intense bladder pressure and pain and substantially altering Plaintiff's urinary function.

18. Ultimately, Plaintiff was unlawfully terminated due to her disability March 31, 2022.

19. Regardless of the Plaintiff's disability, she was qualified to perform the essential functions of the job, with or without reasonable accommodation.

20. On October 1, 2020, Plaintiff applied for a full-time position. Plaintiff received a verbal and email assurance from Marketing Director Alexandra Lewis that she was to be offered a full time position on the reinsurance team. Plaintiff was informed by Ms. Lewis that her name was on the company organizational chart as having the permanent position that she applied for.

21. Shortly after beginning her work at Aon, Plaintiff informed her supervisor, Ms. Bloon, of her disability. Plaintiff requested reasonable accommodations for her disability.

22. On March 9, 2022, Plaintiff experienced intense symptoms due to her disability. Plaintiff was forced to seek treatment at an emergency room.

23. On March 10, 2022, after returning to work, Ms. Bloon made a reprimanded Plaintiff for missing work due to her disability.

24. On or around March 18, 2022 Plaintiff was informed by Ms. Lewis she would not be receiving the permanent position as "her health has been to poor."

25. Plaintiff was terminated on March 31, 2022.

26. Defendant's actions were effectively a termination and failure to hire for having a disability.

27. Regardless of Plaintiff's disability, she was qualified to perform the essential functions of the job, with or without reasonable accommodation, but Defendant failed to engage in an interactive process to determine the appropriate accommodation under the circumstances.

28. The purported justification for termination was unlawful discrimination based on disability or because Defendant perceived Plaintiff as disabled.

## COUNT I
**Disability Discrimination -Violations of the Americans with Disabilities Act ("ADA")**

29. Plaintiff repeats and re-alleges paragraphs 1-28 as if fully stated herein.

30. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on her disability, in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

31. Defendant failed to hire Plaintiff for the full time position on the basis of her disability.

4

32. Defendant harassed and reprimanded Plaintiff on the basis of her disability.

33. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of the ADA.

34. Plaintiff is a member of a protected class under the ADA, due to her disability.

35. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

36. Defendant acted in willful and reckless disregard of Plaintiff's protected rights. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of her employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT II
### Retaliation in Violation of 42 U.S.C. § 12101, *et seq.*

37. Plaintiff repeats and re-alleges paragraphs 1-28 as if fully stated herein.

38. Plaintiff is a member of a protected class under 42 U.S.C. § 12101, et seq.

39. During Plaintiff's employment with Defendant, Plaintiff disclosed her disability under the ADA. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

40. In response to Plaintiff's disclosures, Defendant failed to engage in the interactive process to determine the appropriate accommodations. As such, Defendant failed to provide Plaintiff with any reasonable accommodations needed to perform the essential functions of the job, if necessary.

41. By virtue of the foregoing, Defendant retaliated against Plaintiff by omission of

failing to engage in the interactive process to determine the appropriate accommodations, and provide Plaintiff with any accommodations deemed necessary through the results of that process, thereby violating Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

42. Moreover, Defendant retaliated against Plaintiff by reprimanding her for needing to go to the emergency room due to her disability.

43. Finally, Defendant retaliated against Plaintiff by terminating Plaintiff's temporary employment, and refusing to hire Plaintiff full time, due to her disability.

44. Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

45. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff was not hired and has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

   a. Back pay and benefits;

   b. Interest on back pay and benefits;

   c. Front pay and benefits;

   d. Compensatory damages for emotional pain and suffering;

   e. Pre-judgment and post-judgment interest;

   f. Injunctive relief;

   g. Liquidated damages;

   h. Punitive damages;

   i. Reasonable attorney's fees and costs; and

     j.  For any other relief this Court may deem just and equitable.

<strong><u>DEMAND FOR JURY TRIAL</u></strong>

 Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 15th day of March, 2023.

                  /s/ *Alexander J. Taylor*
                  **Alexander J. Taylor, Esq.**
                  SULAIMAN LAW GROUP LTD.
                  2500 S. Highland Avenue, Suite 200
                  Lombard, Illinois 60148
                  Phone (331) 272-1942
                  Fax (630) 575 - 8188
                  E-mail: ataylor@sulaimanlaw.com
                  *Attorney for Plaintiff*